**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GEORGE ROGER SIEGEL,
Plaintiff-Appellant,

v.

COLUMBIA PENTAGON CITY NATIONAL
ORTHOPEDIC HOSPITAL; SEUNG W.
PAIK, M.D.; MEREDITH MACLAY,
M.D.; FAIR RIDGE ORTHOPEDICS,
INCORPORATED; COLUMBIA HCA

HEALTHCARE; HCA HEALTH SERVICES
OF VIRGINIA, INCORPORATED;
NATIONAL HOSPITAL MEDICAL
CENTER, INCORPORATED; DONNA E.
SHALALA, Secretary of U.S.
Department of Health and Human
Services,
Defendants-Appellees.

No. 99-2350

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CA-98-1756-A)

Submitted: March 31, 2000

Decided: April 19, 2000

Before WILKINS and LUTTIG, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George Roger Siegel, Appellant Pro Se. Peter King Stackhouse, Arlington, Virginia; William Joseph Carter, Pamela S. Fox, CARR, GOODSON, LEE & WARNER, P.C., Washington, D.C.; Roger William Heald, GODARD, WEST & ADELMAN, Fairfax, Virginia; John Allen Blazer, Katherine Renea McMillen, CREWS & HANCOCK, Fairfax, Virginia; Thomas Mercer Ray, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

George Roger Siegel fell from a chair on December 7, 1996, and suffered an injury to his wrist. This action is based on the treatment he received from the doctors at the emergency room of the National Hospital Medical Center, now known as Columbia Pentagon City National Orthopedic Hospital. Siegel appeals the district court's entry of judgment for all defendants and denial of several post-judgment motions, as well as the district judge's refusal to disqualify himself under 28 U.S.C. § 455 (1994).

We have thoroughly reviewed the record and find no reversible error. The district court fully considered Siegel's federal claims, as well as those based on state law, and properly granted judgment for all defendants. We have reviewed for abuse of discretion the district judge's denial of Siegel's motions that the judge disqualify himself. United States v. DeTemple, 162 F.3d 279, 283 (4th Cir. 1998), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3716 (U.S. May 24, 1999) (No. 98-8960). Siegel's complaints concerning the district judge's rulings and statements do not support his motion for disqualification. See

2

Liteky v. United States, 510 U.S. 540, 555 (1994) (disqualifying bias normally must result from something outside the courtroom). Therefore, the district court did not abuse its discretion in denying the motions to disqualify itself. Nor are the court's denials of Siegel's motions for clarification and reconsideration an abuse of its discretion. See Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 402 (4th Cir. 1998) (Fed. R. Civ. P. 59(e) motion), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3457 (U.S. Jan. 19, 1999) (No. 98-742); National Org. for Women v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995) (Fed. R. Civ. P. 60(b) motion).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. We affirm the judgment below as well as the district court's denial of the motions for reconsideration and refusal to disqualify itself.

AFFIRMED

3